**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DORIS PERIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 07-3222-CV-S-JTM |
| | ) | |
| DAVOL INC. and C.R. BARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court in and for Greene County, Missouri, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Petition ("Complaint") filed in Greene County Circuit Court on or about July 9, 2007. Davol was served with the Complaint on July 13, 2007. Bard has not yet been served with the Complaint, but hereby expressly joins in the removal of this action.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court in and for Greene County, Missouri, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 105(b)(5).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court in and for Greene County, Missouri, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiff's claims, and although Plaintiff's Complaint expressly seeks damages only in an amount that is "fair and reasonable" (Compl. ¶ 19), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective

medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See id*. ¶¶ 8-12.) Plaintiff alleges that the Composix® Kugel® hernia repair patch that she received failed (*id*. ¶ 11), and as a result she "had to undergo extensive medical, hospital and surgical care and treatment." (*Id*. ¶ 16.) More specifically, Plaintiff states that she "suffered nerve damage around her incision," in addition to a "recurrent hernia, and multiple small bowel and other visceral adhesions." (*Id*.) Plaintiff also states that as a result of her use of the Composix® Kugel® hernia repair patch "[s]he had to undergo surgery to remove the [patch]." (*Id*.) As a result, Plaintiff claims "[s]he has been rendered nervous, has suffered pain and anxiety of body and mind, and has experienced emotional upset and personality changes." (*Id*.) Plaintiff alleges that "[s]he has suffered all the above injuries, pain and damages since the day of the incident, . . . and will suffer them in the future; said injuries, pain and damages being permanent, disabling, and progressive." (*Id*.) In addition to her claims of physical and emotional injury, Plaintiff also seeks recovery for past and future lost wages and lost earning potential (*id*. ¶ 17), as well as past and future medical expenses (*Id*. ¶ 18.)

8. The amount-in-controversy requirement is met here because the severity of the injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc*., 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more").

9. Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

10. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see*, *e.g.*, *Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C).

**B. The Parties Are Completely Diverse**

11. On information and belief, Plaintiff is a resident and citizen of Missouri. (*See* Compl. ¶ 1.)

12. Bard is, and has been at all relevant times, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

13. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court in and for Greene County, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully Submitted,

Dated: July 18, 2007

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Kara T. Stubbs, Esq.
Kara Trouslot Stubbs MO #43414
2400 Pershing Road
Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288

*ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.*

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Spriggs & Hollingsworth
1350 I Street, NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of July, 2007, a true and correct copy of the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Matthew W. Placzek
Angela DeSanctis Myers
PLACZEK & FRANCIS
1722 South Glenstone, Suite J
Springfield, Missouri 65804

BY: /s/ Kara T. Stubbs, Esq.
Kara T. Stubbs