**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
07/13/2007
Log Number 512399723

RECEIVED
JUL 16 2007
C.R. BARD, INC.
LAW DEPT

**TO:** Stephen Long, General Counsel
C. R. Bard, Inc.
730 Central Avenue
New Providence, NJ, 07974

**RE:** **Process Served in Rhode Island**

**FOR:** Davol Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Doris Perlman, Pltf. vs. Davol, Inc. and C.R. Bard, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | State of Missouri, MO<br>Case # 107CC2727 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Re: Bard Composix Kugel Mesh Patch inserted in July 2005 resulting in personal injuries |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/13/2007 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Days - exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Angela DeSanctis Myers, Esq.<br>1722 S. Glenstone<br>Suite J<br>Springfield, MO, 65804<br>417-883-4000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798218457771 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

# SUMMONS

IN THE CIRCUIT COURT OF GREENE COUNTY - STATE OF MISSOURI
GREENE COUNTY COURT HOUSE
1010 BOONVILLE, SPRINGFIELD, MISSOURI

DORIS PERIMAN

PLAINTIFF/PETITIONER

VS.

DAVOL INC

DEFENDENT/RESPONDENT

CASE NUMBER 107CC2797

NATURE OF SUIT
TORT-PERS INJ-OTHER
JUDGE: DAN CONKLIN

WITH ATTACHMENTS:
____ IDO/CDO
____ CHILD CUSTODY EDUCATION INFORMATION SHEET
____ INTERROGATORIES
____ REQUEST FOR PRODUCTION
____ OTHER ORDERS: Service fee: CCC

THE STATE OF MISSOURI TO: DAVOL INC
R/A CT CORPORATION SYSTEM
10 WEYBOSSET STREET
PROVIDENCE, RI 02903

You are hereby summoned to appear before the above-named Court and to file your pleading to the petition copy of which is attached hereto, and to serve a copy of your pleading upon

ANGELA DESANCTIS MYERS
1722 S GLENSTONE
STE J
SPRINGFIELD, MO 65804

attorney for plaintiff, all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

**NOTICE: READ ALL ATTACHMENTS CAREFULLY AS YOU MAY BE REQUIRED TO APPEAR IN COURT AND/OR FILE PAPERS SOONER THAN STATED ABOVE.**

TIME OF ISSUE: 11:11 AM
7/09/07

MICHAEL A. CARR
CIRCUIT CLERK, GREENE COUNTY, MO

BY: [signature]
DEPUTY CIRCUIT CLERK

PROCESS OF SERVICE FEE ________

A TRUE COPY - ATTEST
Deputy [signature]
DEPUTY SHERIFF

FILED
JUL - 9 2007
MAIL
MICHAEL A. CARR
CIRCUIT CLERK

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | | |
|---|---|---|
| **DORIS PERIMAN** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.:** 107CC2727 |
| **DAVOL INC., and C.R. BARD, INC.** | ) | |
| **Defendant.** | ) | |

**PETITION**

COMES NOW plaintiff Doris Periman, by and through her attorneys, and cause of action against defendants Davol Inc., and C.R. Bard, Inc., and alleges and states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff Doris Periman (hereinafter referred to as "Periman") is now and was at all times herein mentioned a citizen and resident of the state of Missouri.

2. At all times mentioned herein, defendant C.R. Bard, Inc. (hereinafter referred to as "C.R. Bard"), is a corporation doing business and capable of suing and being sued in the State of Missouri. The name and address of the registered agent of said corporation is Judith A. Reinsdorf; 730 Central Avenue, Murray Hill, New Jersey 07974.

3. At all times mentioned herein, defendant herein, defendant Davol, Inc. (hereinafter referred to as "Davol") is and was a wholly owned subsidiary of defendant C.R. Bard. Further, at all times mentioned herein, defendant Davol is a corporation doing business and capable of being sued in the State of Missouri. The name and address of the registered agent of said corporation is CT Corporation Systems, 10 Weybosset Street, Providence, Rhode Island 02903.

4. At all times mentioned herein, defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, testing, analyzing, distributing, recommending, conveying, purchasing, advertising, promoting, supplying, and selling to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products, including the Bard Composix Kugel hernia product, to be surgically implanted in patients throughout the United States, including the state of Missouri.

5. Plaintiff was first injured by the wrongful act and negligent conduct of defendants Davol and C.R. Bard in Greene County, Missouri.

6. The trauma or exposure to plaintiff first occurred in Greene County, Missouri.

7. This Court has jurisdiction over this tort action which accrued within Greene County, Missouri.

8. On some date prior to July, 2005, defendants, and each of them, manufactured, distributed, and/or sold a Bard Composix Kugel hernia surgical patch repair product (hereinafter referred to as "Kugel") to Lester E. Cox Medical Center in Greene County, Missouri, to be implanted in the abdomen of a hospital patient undergoing surgery at the medical center.

9. In July, 2005, plaintiff Periman underwent a hernia repair surgical procedure at Lester E. Cox Medical Center in Greene County, Missouri and, during the course thereof, Periman's physician implanted the aforesaid Kugel hernia surgical repair product into her abdomen.

10. The Kugel hernia surgical repair product implanted into plaintiff Periman on or about July, 2005, was designed, manufactured, assembled, sold and distributed by defendants to be used by surgeons for hernia repair surgery and was further represented by defendants to be an appropriate and suitable product for such purpose.

11. The Kugel hernia surgical repair product in plaintiff Periman's abdomen failed.

12. On or about January 18, 2007, plaintiff Periman underwent a surgical procedure at Skaggs Community Health Center in Branson, Missouri and, during the course thereof, plaintiff Periman's physician removed the previously implanted Kugel hernia surgical repair product.

**COUNT I**

COMES NOW plaintiff Periman and for Count I of her cause of action against defendants, and each of them, alleges and states as follows:

13. Plaintiff Realleges and restates paragraphs 1 through 12 of this Petition, and incorporates each of said paragraphs herein by reference.

14. The Kugel hernia surgical repair product was defective, and therefore unreasonably dangerous when put to a reasonably anticipated use, in that the ring portion of the product broke and disrupted, and/or the mesh of the product became completely contracted and wadded up in a ball. The said defective and dangerous conditions existed when the Kugel hernia product was manufactured, assembled, distributed, and sold by defendant Davol and inserted in plaintiff in July, 2005.

15. At the time of the incident described in this petition the Kugel hernia surgical product was:

(a) Being used in a manner reasonably anticipated; and

(b) In substantially in the same condition as when manufactured, assembled, distributed and sold by defendants.

16. As the direct and proximate results of the defective and unreasonably dangerous condition of the Kugel hernia surgical repair product when it was manufactured, assembled, distributed, and sold by defendants, plaintiff had to undergo extensive medical, hospital and surgical care and treatment. She suffered nerve damage around her incision. She suffered recurrent hernia, and multiple small bowel and other visceral adhesions. She had to undergo surgery to remove the Kugel

hernia surgical repair product. She has been rendered nervous, has suffered pain and anxiety of body and mind, and has experienced emotional upset and personality changes. She has suffered all the above injuries, pain and damages since the day of the incident, suffers them at the present time, and will suffer them in the future; said injuries, pain and damages being permanent, disabling, and progressive.

17. Prior to the aforementioned injuries, plaintiff Periman was an able bodied woman capable of doing and performing work and labor. As a direct and proximate result of her injuries, she has and in the future, will suffer loss of wages, earnings, salaries and profits; and she has, and in the future, will suffer an impaired and diminished capacity for work, labor and pleasure.

18. By reason of her injuries, plaintiff Periman has paid or become obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

19. By reason of all the foregoing, plaintiff Periman has been damaged and is entitled to such damages as are fair and reasonable.

WHEREFORE, plaintiff Doris Periman prays for damages against defendants, and each of them, on Count I of this Petition, for such damages as are fair and reasonable, for her costs herein expended, for such other and further relief as the Court may deem just and fair in the premises.

**COUNT II**

COMES NOW plaintiff Doris Periman and for Count II of her cause of action against defendants, and each of them, alleges and states as follows:

20. Realleges and restates paragraphs 1 through 12 of this Petition, and incorporates each of said paragraphs herein by reference.

21. The Kugel hernia surgical repair product was unreasonably dangerous when manufactured, assembled, distributed, and/or sold by defendants when put to a reasonably anticipated use without knowledge of its characteristic.

22. Said defendants did not give adequate warning of the danger that the ring portion of the product might rupture or break, and/or the mesh might completely contract, and cause a recurrent hernia and infection within the patient's body, requiring subsequent surgical procedures and causing serious injuries.

23. As a direct and proximate result of the product being distributed, sold, conveyed, for surgery on plaintiff without an adequate warning, plaintiff Doris Periman sustained injuries. She has had to undergo extensive medical, hospital, and surgical care and treatment. She suffered nerve damage around her incision. She suffered recurrent hernia, and multiple small bowel and other visceral adhesions. She had to undergo surgery to remove the defective Kugel hernia surgery repair product. She has been rendered nervous, has suffered pain and anxiety of body and mind and has experienced emotional upset and personality changes. She has suffered all the above injuries, pain and damages since the date of the incident, suffers them at the present time, and will suffer them in the future; said injuries, pain and damages being permanent, disabling and progressive.

24. Prior to the aforesaid injuries, plaintiff Doris Periman was an able bodied woman capable of doing and performing work and labor. As a direct and proximate result of her injuries, she has, and in the future, will suffer loss of wages, earnings, salaries, profits; and she has, and in the future, will suffer and impaired and diminished capacity for work, labor and pleasure.

25. By reason of her injuries, plaintiff Doris Periman has paid or become obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

26. By reason of all the foregoing, plaintiff Doris Periman has been damaged and is entitled to such damages as are fair and reasonable.

WHEREFORE, plaintiff Doris Periman prays damages against defendants, and each of them, on Count II of this Petition, for such damages as are fair and reasonable, for her costs herein expended, and for such other and further relief as the Court may deem just and fair in the premises.

**COUNT III**

COMES NOW plaintiff Doris Periman, and for Count III of her cause of action against defendants, and each of them, alleges and states as follows:

27. Realleges and restates paragraphs 1 through 12 of this Petition, and incorporates each of said paragraphs herein by reference.

28. Defendants, by manufacturing and placing the Kugel hernia surgical repair product on the market, and by selling the Kugel hernia surgical repair product to members of the public, impliedly warranted the merchantability of the Kugel hernia surgical repair product to be fit and proper for use as a implantation device to be implanted in a patient's abdomen, and to be free from defects. Defendants breached the warranty in that the Kugel hernia surgical repair product was defective since it ruptured, the ring broke, and the mesh contracted. The said defective and dangerous condition existed when the Kugel hernia surgical repair product was manufactured by defendants, sold to physicians and health care providers by defendants, and thereafter used by healthcare providers and inserted into plaintiff Periman's abdomen.

29. As the direct and proximate results of the defective and unreasonably dangerous condition of the Kugel hernia surgical repair product, plaintiff had to undergo extensive medical, hospital, and surgical care and treatment. She suffered nerve damage around her incision. She suffered recurrent hernia, and multiple small bowel and other visceral adhesions. She had to undergo

surgery to remove defendant Davol's defective Kugel hernia surgical repair product. She has been rendered nervous, has suffered pain and anxiety of body and mind, and has experienced emotional upset and personality changes. She has suffered all the above injuries, pain and damages since the day of the incident, suffers them at the present time, and will suffer them in the future; said injuries, pain and damages being permanent, disabling, and progressive.

30. Prior to a foresaid injuries plaintiff, Doris Periman was an able bodied woman capable of doing and performing work and labor. As the direct and proximate result of her injuries, she has, and in the future will suffer loss of wages, earnings, salaries, and profits; and she has, and in the future, will suffer an impaired and diminished capacity for work, labor and pleasure.

31. By reason of her injuries, plaintiff Doris Periman has paid or become obligated for, and in the future will pay or become obligated for items, of expense in paying or receiving medical care and treatment.

32. By reason of the foregoing, plaintiff Doris Periman has been damaged and is entitled to such damages as are fair and reasonable.

WHEREFORE, plaintiff Doris Periman prays damages against defendants, and each of them, on Count III of this Petition, for such damages as are fair and reasonable, for her costs herein expended, and for such other and further relief as the Court may deem just and fair in the premises.

**<u>COUNT IV</u>**

COMES NOW plaintiff Doris Periman, and for Count II of her cause of action against defendants, and each of them, alleges and states as follows:

33. Realleges and restates paragraphs 1 through 12 of this Petition, and incorporates each of said paragraphs herein by reference.

34. Defendants, and each of them, were negligent:

(a) In designing the Kugel hernia surgical repair product:

(i) So the ring portion of the product would break;

(ii) So the ring portion of the product would rupture;

(iii) So the mesh would contract and wad up in a ball;

(b) In manufacturing the Kugel hernia surgical product:

(i) So the ring portion of the product would break;

(ii) So the ring portion of the product would rupture;

(iii) So the mesh would contract and wad up in a ball;

(c) In furnishing the Kugel hernia surgical product:

(i) When the ring portion of the product would break;

(ii) When the ring portion of the product would rupture;

(iii) When the mesh would contract and wad up in a ball;

WHEREFORE, plaintiff Doris Periman prays damages against defendants, and each of them, on Count IV of this Petition, for such damages as are fair and reasonable, for her costs herein expended, and for such other and further relief as the Court may deem just and fair in the premises.

PLACZEK & FRANCIS

By: Angela DeSanctis Myers

MATTHEW W. PLACZEK
Missouri Bar No. 24819
mplaczek@placzekfrancis.com
ANGELA DESANCTIS MYERS
Missouri Bar No. 53935
admyers@placzekfrancis.com
1722 S. Glenstone, Suite J
Springfield, MO 65804
Phone: 417-883-4000
Attorneys for plaintiff.

FROM: Joanne Casale (401)861-7400
Rhode Island CT Reps
10 Weybosset Street - 9th Floor

Providence, RI 02903

TO: **Stephen Long (908)277-8267**
**C. R. Bard, Inc.**
**730 Central Avenue**

**New Providence, NJ 07974**
Ref: SOP/0621800/612399723/Joanne Casale

FedEx Revenue Barcode

CAD#: 8283189
SHIP DATE: 13JUL07
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

**** 2DAY ****

**TUE**
**A1**

Deliver by:
**17JUL07**

**TRK # 7982 1845 7771**

FORM
0201

**EWR**

**07974** -NJ-US

# SB KBCA

CLS062907