**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

NEIL MONTGOMERY, JR. and STORMI MONTGOMERY,

Plaintiff,

v.

DAVOL, INC.; and
C.R. BARD, INC.

Defendant.

Case No: 3:07cv 176-RV/EMT

**COMPLAINT AND JURY DEMAND**

**Complaint**

1. Plaintiffs, NEIL MONTGOMERY, JR. and STORMI MONTGOMERY are citizens and residents of the County of Escambia, State of Florida. Hereinafter, Plaintiff Neil Montgomery, Jr. will be referred to as "Plaintiff" and Plaintiff Stormi Montgomery will be referred to as "Plaintiff Stormi Montgomery".

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
07 APR 20 AM 10: 38
FILED

the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

## Jurisdiction and Venue

4. The Court has jurisdiction over this action because the claim is valued at more than $75,000, and there is complete diversity of citizenship.

5. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to the claims arose in the District.

## Facts

6. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into the Plaintiff's body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Plaintiff's body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application, the Kugel Patch was authorized by the FDA as a Class II medical device.

9. On April 4, 2006, Plaintiff underwent surgery at Naval Hospital Pensacola to repair an incisional hernia. A 5.4" x 7.0" Kugel Patch (Reference No. 0010202; Lot No. 43AOD063) was

used to repair the defect. The operative report says that "numerous staples were utilized firmly anchoring the patch in place."

10. The Kugel Patch hernia repair product implanted in Plaintiff was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11. In the months that followed the surgery, Plaintiff developed abdominal tenderness and severe pain at the site of his incisional hernia repair. A CAT scan was carried out and confirmed that Plaintiff was suffering from a broken mesh and recurrent hernia.

12. A FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

13. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a FDA Class I recall notice.

14. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death related to the Kugel Patch have been reported.

15. On March 31, 2006, the initial Class I recall on the Kugel Patch was expanded to include the type of Kugel Patch used in Plaintiff's ventral hernia repair.

16. In or around March 2007, Plaintiff learned for the first time that the hernia repair mesh implanted in him on April 4, 2006 was a defective Kugel Mesh and was part of a national recall.

17. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

18. Plaintiff has incurred substantial medical bills, and has lost wages.

19. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

20. Upon information and belief, DAVOL and BARD failed to comply with the FDA application and reporting requirements.

21. Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

22. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

**COUNT I**

**Negligence**

23. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-22 as though fully set forth herein.

24. Defendants DAVOL and BARD were negligent to Plaintiff in the following respects:

25. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use in the general public, the Kugel Patch.

26. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were reasonably likely to injure Kugel Patch

users.

27. DAVOL and BARD negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Kugel Patch such that the product was dangerous and unsafe for the use and purpose for which it was intended.

28. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of Plaintiff.

29. Defendants DAVOL and BARD owed a duty to Plaintiff to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

30. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

31. As a direct and proximate result of the duties breached, the Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in Plaintiff suffering pain and harm.

32. As a direct and proximate result of DAVOL's and BARD's negligence, Plaintiff has suffered injuries and damages.

33. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended,

showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT II

### Loss of Consortium

34. Plaintiff hereby incorporates and realleges the General Allegations, paragraphs 23 through 33, as if fully set forth herein.

35. Plaintiff Stormi Montgomery is and at all times relevant hereto has been the lawful spouse of Plaintiff, and as such, she is entitled to the comfort and enjoyment of her society and services.

36. As a direct and proximate result of the foregoing misconduct of the Defendants, Plaintiff Stormi Montgomery has been deprived of her spouse's companionship, services, solace, consortium, affection and attention to which she is entitled.

37. As a result of the foregoing, Plaintiff Stormi Montgomery has been and will continue to be injured and damaged.

Wherefore, Plaintiff demands judgment for all damages available to her under the law as a result of the Defendants' conduct as alleged herein and such other relief as this Court deems just and appropriate.

## COUNT III

### Strict Product Liability

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 23-37 as though fully set forth herein.

39. Defendants DAVOL and BARD are strictly liable to Plaintiff in the following respects: DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery; the Kugel Patches subject to the Class I recall were defective because they failed to perform safely and effectively for the purpose they were originally designed. Plaintiff's Kugel Patch was a Class I recalled device that failed while in his body, causing him to develop serious physical complications, which will require subsequent, painful and unnecessary removal surgery of his Kugel Patch; at all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL; and the Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

40. Furthermore, the Kugel Patches, like the one found in Plaintiff, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

i. The Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Kugel Patch as designed and manufactured was unsafe to

Plaintiff;

iii. The Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;

v. The Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or

sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

41. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT IV**

**Negligent Infliction of Emotional Distress**

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 23-41 as though fully set forth herein.

43. Defendants DAVOL and BARD are liable to Plaintiff for the negligent infliction of emotional distress in the following respect: Plaintiff suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Kugel Patch for hernia repair surgery.

44. Plaintiff suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Kugel Patch for hernia repair surgery.

45. Therefore, DAVOL and BARD are liable to Plaintiff.

46. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT V

### Intentional Infliction of Emotional Distress

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 23-46 as though fully set forth herein.

48. Defendants DAVOL and BARD are liable to Plaintiff for the intentional infliction of emotional distress in the following respect:Plaintiff suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Kugel Patch for hernia repair surgery.

49. Plaintiff suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Kugel Patch for hernia repair surgery, in complete

and reckless disregard of safety to Plaintiff.

50. Therefore, DAVOL and BARD are liable to Plaintiff.

51. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT VI**

**Breach of Implied Warranty**

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 23-51 as though fully set forth herein.

53. Defendants DAVOL and BARD are liable to Plaintiff for their breach of implied warranty in the following respect: DAVOL and BARD sold the Kugel Patch, which was implanted in Plaintiff. DAVOL and BARD impliedly warranted to Plaintiff, his physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

54. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

55. Plaintiff, his physicians and health care providers reasonably relied on DAVOL's and

BARD's judgment, indications and statements that the Kugel Patch was fit for such use.

56. When the Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

57. Plaintiff suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

**<u>COUNT VII</u>**

**Failure to Warn**

58. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 23-57 as though fully set forth herein.

59. In the course of business, DAVOL and BARD designed, manufactured and sold the Kugel Patch to Naval Hospital of Pensacola for hernia repair surgeries.

60. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Plaintiff received the Kugel Patch, it were defective and unreasonably dangerous when put to it's intended and reasonably anticipated use. Further, the Kugel Patche was not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

61. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product. BARD and DAVOL failed to warn of the known or

knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

62. The dangerous and defective conditions in the Kugel Patch existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had his hernia repair surgery the Kugel Patch was in the same condition as when manufactured, distributed and sold.

63. Plaintiff did not know at the time of use of the Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Kugel Patch.

64. Plaintiff suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

65. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

**Wherefore**, Plaintiff respectfully requests judgment in his favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs.

Dated this 19th day of April, 2007.

**A TRIAL BY JURY IS REQUESTED ON ALL COUNTS.**

Plaintiff, NEIL MONTGOMERY, JR.,
By his Attorneys,

R. Jason Richards
FL Bar # 0018207
Neil D. Overholtz
FL Bar #0188761
Aylstock, Witkin, Kreis & Overholtz, PLLC
4400 Bayou Boulevard, Ste 58A
Pensacola, Florida 32503
Phone: (850) 916-7450
Facsimile: (850) 916-7449
jrichards@awkolaw.com
noverholtz@awkolaw.com